**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anterjot Singh Saini, | No. CV-22-01386-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Citizenship and Immigration Services, | |
| Defendant. | |

At issue is Defendant United States Citizenship and Immigration Services' Motion to Dismiss (Doc. 19), to which *pro se* Plaintiff Anterjot Singh Saini filed a Response (Doc. 21) and Defendant filed a Reply (Doc. 22).

## I.    BACKGROUND

Plaintiff, an Indian national, filed a Petition to Remove Conditions on Residence (I-751) with Defendant on October 28, 2019. Although Plaintiff reports that Defendant has extended the validity of his green card until April 3, 2023, he also reports an agent for Defendant told him on July 19, 2022, that his I-751 Petition was denied in 2020. Plaintiff claims that Defendant must adjudicate a naturalization application within 120 days after an initial naturalization interview and Defendant has "denied him his constitutional rights of the naturalization process." (Doc. 1, Compl. at 3.) Plaintiff thus asks the Court to order Defendant to review, process, and timely decide his application. (Compl. at 3-4.)

In his Response to Defendant's Motion, Plaintiff also states he filed a Petition for Amerasian, Widow(er), or Special Immigrant (I-360) with Defendant—applying in one of

1    the Violence Against Women Act (VAWA) categories—at the behest of Defendant's agent

2    in the July 19, 2022 appointment.

3         Defendant now moves to dismiss Plaintiff's Complaint under Federal Rule of Civil

4    Procedure 12(b)(1) for lack of subject matter jurisdiction.

5    **II.    LEGAL STANDARD**

6         "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may

7    attack either the allegations of the complaint as insufficient to confer upon the court subject

8    matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v.*

9    *United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v.*

10   *Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional

11   issue is separable from the merits of the case, the [court] may consider the evidence

12   presented with respect to the jurisdictional issue and rule on that issue, resolving factual

13   disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424

14   F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence

15   to determine whether it has jurisdiction."). The burden of proof is on the party asserting

16   jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc.*

17   *v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

18        "[B]ecause it involves a court's power to hear a case," subject matter jurisdiction

19   "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

20   Courts "have an independent obligation to determine whether subject-matter jurisdiction

21   exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546

22   U.S. 500, 513-14 (2006).

23   **III.   ANALYSIS**

24        This Court's jurisdiction—or power to hear cases—is limited. Plaintiff alleges that

25   the Court has jurisdiction over his claim under 8 U.S.C. § 1447, entitled "Hearings on

26   Denials of Applications for Naturalization." (Compl. at 1.) In that statute, Congress

27   provided this Court with jurisdiction only in the instance when "there is a failure to make

28   a determination [on an application for *naturalization*] . . . before the end of the 120-day

period after the date on which the examination is conducted . . . ." 8 U.S.C. § 1447(b). Plaintiff also cites 8 U.S.C. § 1421(c), which gives the Court jurisdiction to hear disputes over the denial of an application for *naturalization* after a hearing before an immigration officer.[1]

As Defendant points out in its Motion, Plaintiff has not filed an application for naturalization, otherwise known as United States citizenship. Rather, Plaintiff has filed applications to remove conditions on his legal permanent residence, or green card, by way of I-751 and I-360 Petitions. The jurisdictional statutes cited by Plaintiff, 8 U.S.C. §§ 1447 and 1421, do not give this Court power to consider issues related to Defendant's processing or resolution of applications for legal permanent residence (or conditions thereon), but only applications for naturalization. Accordingly, the Court lacks jurisdiction over Plaintiff's claim and must dismiss his Complaint.

**IT IS THEREFORE ORDERED** granting Defendant United States Citizenship and Immigration Services' Motion to Dismiss (Doc. 19) and dismissing Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 7th day of April, 2023.

Honorable John J. Tuchi
United States District Judge

---

[1] Plaintiff also cites the statute providing for diversity jurisdiction, 28 U.S.C. § 1332, but that statute does not supply jurisdiction when one party is the United States or one of its agencies.